# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 8469 |
| | ) | |
| MR. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Shawn Butler ("Butler") has filed this action against his landlord described as "Mr. Smith" (for convenience simply "Smith"), using the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" ("Complaint"), charging Smith with the responsibility for having caused Butler to be taken into custody and housed at the Cook County Jail since July 6, 2016. Butler has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). Despite this Court's crediting of Butler's allegations in the Complaint, as it must do at this initial stage of the proceedings, this memorandum opinion and order explains why Butler does not have a ticket of entry to this federal court.

According to Complaint ¶ IV's Statement of Claim, Smith has engaged in wholly improper tactics since April of this year in efforts to oust Butler from his rented apartment. On two occasions (about April 29 and May 15) Smith brought Chicago Police Officers to Butler's apartment, each time asking that they remove him from the premises. In both instances Butler produced his lease (which is due to expire at the end of this month), and each time the officers rejected Smith's efforts at ouster.

Unfortunately the third time proved to be the charm from Smith's perspective -- but hardly from Butler's. On July 6 Chicago Police Officers showed up again, and this time they arrested Butler on a charge of the unlawful use of a weapon -- as the Complaint alleges, when Butler was brought to the police station the arresting officer told him "that my landlord Mr. Smith gave them a gun and told them he sent [sic] me put it over a door on the 4th of July. Which is a lie." Since then Butler has been held in custody at the Cook County Jail and is facing a criminal charge for the alleged offense, although in the meantime the Complaint reports:

> On or about July 9, 2016 Mr. Smith enter in to my apartment and removed all of my perprety [sic] from my apartment, which had a value of $20,000.

If those allegations are truthful, as this Court must treat them, Smith's conduct is a real outrage. But Butler's problem is that it is not a <u>federal</u> outrage, because neither Section 1983 nor any other source of federal subject matter jurisdiction provides relief in this District Court for such appalling conduct on the part of a private (nongovernmental) actor. Just two months ago our Court of Appeals reconfirmed that fundamental principle in <u>Wilson v. Warren County, Illinois</u>, Case No. 15-1939, 2016 WL 3878215 (7th Cir. July 18, 2016) (numerous citations and internal quotation marks omitted):

> To succeed on their § 1983 claim, plaintiffs must prove (1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law. For a private actor to act under color of state law he must have had a meeting of the minds and thus reached an understanding with a state actor to deny plaintiffs a constitutional right. Because § 1983 allows a private actor to be sued as if it were the state and makes state actors potentially liable as well, the state actor must share the private actor's unconstitutional goal in order for a state actor to be acting under color of state law. In other words, a private actor cannot unilaterally convert a state actor's legitimate activity into an illegal act, conferring both constitutional accountability on itself and liability on the state.

In short, Butler cannot sue non-state-actor Smith in this District Court.

Indeed, matters might perhaps be even worse for Butler, for that is not the only extent to which Smith's egregious conduct could be viewed as having injured Butler. Under our Court of Appeals' teaching, the mere filing of this action (though understandably misguided on Butler's part) could possibly be viewed as triggering the operation of 28 U.S.C. § 1915 ("Section 1915") -- a treatment whose consequence would be to render Butler liable for a $350 filing fee on an installment basis (with the first installment to be a very large one, because Butler has caused a substantial amount to be credited to his trust fund account at the County Jail).

But under the circumstances -- the readily available Complaint forms for use by Cook County Jail pretrial detainees, coupled with such nonlawyers' entirely understandable ignorance of the Section 1915 consequences of their use -- both the Application and the Motion will simply be denied as moot because both the Complaint and this action must be and are being dismissed for lack of federal subject matter jurisdiction. It should however be made plain that such dismissal is without prejudice to Butler's ability to file suit against Smith in a state court of competent jurisdiction.[1]

_____
Milton I. Shadur
Senior United States District Judge

Dated: September 12, 2016

---

[1] It should again be made plain that this Court expresses no view as to the substance of Butler's claim. As stated twice earlier, it is simply accepting Butler's version of events as truthful for purposes of this memorandum opinion and order.